IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRIS HUMPHRIES and LINDSEY SCOTT HUMPHRIES, | § § § § § § § § § § § § § § § § | |
| Plaintiffs, | | |
| V. | | No. 3:20-cv-548-X |
| PROGRESSIVE CORPORATION; PROGRESSIVE CASUALTY INSURANCE COMPANY; and INSURANCE AUTO AUCTIONS CORP, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order amends and supersedes the Court's second April 4, 2022 Electronic Order [Dkt. No. 82] to correct a few typographical errors. The Court VACATES its earlier April 4, 2022 Electronic Order [Dkt. No. 81], including the stay, and now DENIES Plaintiffs' Motion for Protection [Dkt. No. 79].

Plaintiffs explain that, "[o]n March 15, [2022,] [Progressive Casualty Insurance Company] served notice of document and deposition subpoenas to Marvin Manns, a non-party residing in Oklahoma. Mr. Manns' limited connection to this matter is that he is a business colleague of Mr. Humphries and was identified as an individual with knowledge of Mr. Humphries' economic damages. Progressive's subpoenas required Mr. Manns to produce documents on April 1 in New York and to be deposed on April 8. The deposition subpoena appears to require Mr. Manns to be deposed in New York (although it also provides the deposition may be done via

-1-

video).″ Dkt. No. 79 at 1.

Plaintiffs move for protection from Progressive's deposition and document subpoenas to Mr. Manns under Federal Rule of Civil Procedure 26(c)(1) "for three reasons. First, the subpoenas violate Fed. R. Civ. P. 45(c). …. Second, the subpoenas seek irrelevant information. …. Third, Progressive made no effort to coordinate the deposition time with Plaintiffs or Mr. Manns and unilaterally required Mr. Manns, a non-party, to produce documents on April 1 and be deposed on New York on April 8, less than 30 days after Mr. Manns was served, on March 15. Plaintiffs' counsel also has a pre-existing conflict on April 8." Dkt. No. 79 at 2-3 (cleaned up). And Plaintiffs assert that "Plaintiffs may seek protection on a behalf of a non-party under Rule 26(c)(1) based on its plain language." Dkt. No. 79 at 2.

The Court cannot fully agree. "A party, although not in possession or control of the materials sought in a subpoena and not the person to whom the subpoena is directed, has standing to file a motion to quash or modify under Federal Rule of Civil Procedure 45(d)(3) if he has a personal right or privilege in the subject matter of the subpoena or a sufficient interest in it." *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 934 (N.D. Tex. 2017). Plaintiffs do not appear or claim to have a basis for standing to move to quash under Rule 45(d)(3). And, in any event, any Rule 45(d)(3) motion to quash would be required to be filed in the United States District Court for the Southern District of New York, as the court in the district where compliance with the subpoenas is required. *See* FED. R. CIV. P. 45(d)(3); *accord CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702 (N.D. Tex. 2017).

But "a party has standing to move for a protective order pursuant to [Federal Rule of Civil Procedure] 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to [Federal Rule of Civil Procedure] 45(d) to bring a motion to quash a third-party subpoena." *Bounds v. Capital Area Family Violence Intervention Ctr.*, 314 F.R.D. 214, 218 (M.D. La. 2016). Federal Rule of Civil Procedure 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." FED. R. CIV. P. 26(c)(1). And, "[i]n contrast to Rule 45(d)(3), there is no indication that Rule 26(c)(1)'s alternative forum for 'matters relating to a deposition' is mandatory and exclusive." *Pena v. Casteel*, No. CV 15-0420, 2016 WL 800189, at *1 n.4 (W.D. La. Feb. 26, 2016).

But Rule 45 provides specific protections to non-parties that may only be enforced through objections by the non-party or a motion to quash a subpoena. Under Federal Rule of Civil Procedure 45(d), "[e]ither in lieu of or in addition to serving objections on the party seeking discovery, a person [served with a subpoena] can 'timely' file a motion to quash or modify the subpoena under Federal Rule of Civil Procedure 45(d)(3)(A). Under Rule 45(d)(3)(A), '[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in [Federal Rule of Civil Procedure] 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies;

or (iv) subjects a person to undue burden.' FED. R. CIV. P. 45(d)(3)(A)." *MetroPCS v. Thomas*, 327 F.R.D. 600, 607 (N.D. Tex. 2018) (cleaned up).

Plaintiffs may not use a Rule 26(c)(1) motion for protective order to attempt to enforce, on Mr. Manns's behalf, Rule 45(c)'s geographical limits or the requirement to provide a non-party a reasonable time to comply. Those non-party-specific protections go beyond and are separate from the Federal Rule of Civil Procedure 26 scope of discovery matters that Rule 26(c)(1) covers.

Still, a party may appropriately challenge a subpoena as facially overbroad. *See Chaput v. Griffin*, No. 3:14-mc-131-G-BN, 2014 WL 7150247 (N.D. Tex. Dec. 16, 2014). And a party may seek a protective order on the basis of lack of relevance or proportionality as to third-party discovery. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 2609994 (N.D. Tex. May 6, 2016).

But, "[t]he burden is upon [the party or person seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. A protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection." *MetroPCS*, 327 F.R.D. at 611 (cleaned up). And, "under Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable," including "on a [Federal Rule of Civil Procedure] 26(c) motion for a protective order." *Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 593 (N.D. Tex.

2017).

As to the sole ground that Plaintiffs may appropriately raise in their Rule 26(c)(1) motion, Plaintiffs argue: "Plaintiffs identified Mr. Manns as someone with knowledge of Plaintiffs' economic damage in an interrogatory response. Yet the document subpoena seeks 'all documents and/or communications reflecting your relationship with Plaintiffs'; 'all documents and/or communications' relating to Plaintiffs' Vehicle; and 'all documents and/or communications between You and Plaintiffs related to the Vehicle.' None of these requests relate to Plaintiffs' economic damages." Dkt. No. 79 at 2-3. Plaintiffs provide no further explanation as to why that is so – or why Progressive cannot appropriately seek these materials from Mr. Manns, to the extent that he possesses them, as relevant and proportional to the needs of this case, even if not solely as to economic damages – and Plaintiffs' conclusory assertions do not meet their burden under Rule 26(c)(1) as laid out above.

Finally, under Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5), the Court determines that, under all of the circumstances presented here, the parties will bear their own expenses, including attorneys' fees, in connection with this motion.

SO ORDERED.

DATED: April 5, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE